**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:11-CV-423-R**

BRENDA WEBB                                                                                           PLAINTIFF

V.

REPUBLIC BANK & TRUST COMPANY                                                   DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Plaintiff's motion for leave to file an amended complaint, or in the alternative, for an enlargement of time in which to respond to Defendant's pending motion to dismiss (DN 16).  Defendant has responded (DN 17), and Plaintiff has replied (DN 20).  This matter is now ripe for adjudication.  For the following reasons, Plaintiff's motion is DENIED.

### BACKGROUND

Plaintiff Brenda Webb ("Plaintiff"), a customer of Defendant Republic Bank & Trust Company ("Defendant"), filed this putative class action seeking to hold Defendant liable for the manner in which it processes electronic debit transactions and assesses overdraft fees.  Plaintiff alleges that Defendant's overdraft and transaction sequencing policies, which maximize overdraft fees, are a breach of her account agreement with Defendant.  On behalf of herself and others similarly situated, Plaintiff asserted the following claims against Defendant: breach of contract and breach of the covenant of good faith and fair dealing, unconscionability, conversion, unjust enrichment, violations of the Electronic Funds Transfer Act ("EFTA"), and violations of the Kentucky Consumer Protection Act ("KCPA").[1]

---

[1] In her complaint, Plaintiff proposes a class of all Republic Banks customers in the United States who incurred an overdraft fee as a result of Republic Bank's practice of re-sequencing

1

On January 12, 2012, without filing an answer to Plaintiff's putative class action complaint, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff's response to Defendant's motion to dismiss was due by February 5, 2012. On February 2, 2012, the parties filed an agreed order to extend the deadlines for briefing Defendant's motion to dismiss. On February 7, 2012, the Court entered the Order extending the deadline for Plaintiff's response to February 23, 2012. On February 23, 2012, Plaintiff filed a motion for leave to file an amended complaint, or in the alternative, an extension of time in which to file her response to Defendant's motion to dismiss. Defendant opposes Plaintiff's motion for leave to amend her complaint on the grounds that doing so would be futile.

## DISCUSSION

### 1. Whether Plaintiff May Amend Complaint As a Matter of Course Under Rule 15(a)(1)

Plaintiff contends that she is entitled to amend her complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), which provides in pertinent part that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Here, Defendant filed its Rule 12(b) motion to dismiss on January 12, 2012. Thus, pursuant to Rule 15(a)(1)(B), Plaintiff had 21 days – until February 2, 2012 – in which she could have amended her complaint without first obtaining Defendant's consent or leave of this Court. On February 7, 2012, the Court entered an Agreed Order extending the time for Plaintiff to respond to Defendant's motion to dismiss to February 23, 2012. Plaintiff filed her motion for leave to amend her complaint on February 23, 2012.

---

debit card transactions and a sub-class of all Republic Bank customers with accounts at branches in Kentucky for purposes of asserting claims under the KCPA. Complaint, DN 1, at p 3-4.

Plaintiff argues that the Court's February 7, 2012 Order, which granted Plaintiff an extension of time in which to respond to the motion to dismiss, also extended the time in which Plaintiff may invoke her Rule 15(a)(1) right to amend her complaint. The Court disagrees. The time permitted by the Rules for a response to a 12(b) motion to dismiss and the time permitted by the Rules to amend a complaint as a matter of course pursuant to Rule 15(a)(1) are two separate deadlines. The February 7, 2012 Order expressly extended the deadline to respond to Defendant's motion to dismiss but did not extend the deadline for Plaintiff to amend her complaint pursuant to 15(a)(1). Plaintiff has cited no rule or case law which supports her position that granting an extension to respond to a 12(b) motion to dismiss automatically constitutes of an extension of time in which to amend her complaint as a matter of course.

Other courts have similarly found that extending the time to respond to a 12(b) motion to dismiss does not automatically extend the separate deadline to amend a complaint as a matter of course pursuant to 15(a)(1). *E.g., Hayes v. District of Columbia*, 275 F.R.D. 343, 346 (D.D.C. July 29, 2011); *Ramos v. Aurora Loan Servs., No*. 09-61938, 2010 WL 966856 at *1 (S.D. Fla. Mar. 15, 2010). The district court for the District of Columbia further explained that the history of Rule 15(a) supports this conclusion:

> Prior to 2009, Rule 15(a) allowed a party to amend a complaint once as a matter of course at any time before service of a responsive pleading. *See Curran v. Holder,* 626 F.Supp.2d 30, 31 (D.D.C.2009). Since a motion to dismiss is not a responsive pleading, *see id.,* the filing of a motion to dismiss previously had no effect on the timeframe in which a party could amend as a matter of course. In 2009, Rule 15(a) was amended so that "the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b)...." Fed.R.Civ.P. 15, Advisory Committee's Note (2009 Amendments). The purpose of this change was to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." *Id.* The Report of the Judicial Conference Committee on Rules of Practice and Procedure, which proposed the 2009 amendment, noted that, under the prior version of the rule, "[s]ignificant problems can arise when a party files an amended pleading as a matter of right on the eve of a court's ruling on a dispositive Rule 12 motion."

3

> Summary of Report of Judicial Conference Committee on Rules of Practice and Procedure, at 24 (Sept. 2008). Thus, the purpose of the amendment was to require pleaders to file amended complaints promptly following dispositive motions and to increase efficient management of the court's docket. In addition, by specifying the timeframe in which an amended complaint may be filed, the 2009 amendment to Rule 15(a) provided courts and litigants with an enhanced degree of notice of whether a pleader intends to respond to a motion to dismiss via an amended complaint. These purposes are not advanced by adopting the plaintiff's position that an extension of time to file an opposition to a dispositive motion also automatically extends the time in which to file an amended complaint as a matter of course.

*Hayes,* 275 F.R.D. at 345-46.

For the above reasons, the Court finds that Plaintiff is not entitled to amend her complaint as a matter of course pursuant to Rule 15(a)(1).

**2. Whether Plaintiff May Amend Complaint Under Rule 15(a)(2)**

Because Plaintiff is not entitled to amend the complaint as a matter of course, Plaintiff may only amend the complaint with "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) directs that the "court should freely give leave when justice so requires." *Id*. This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

Here, there is no indication of undue delay, bad faith, or dilatory motive. Instead, Defendant opposes the granting of leave for Plaintiff to amend the complaint on the basis of futility. In its motion to dismiss, Defendant argues that it is entitled to dismissal of all of

Plaintiff's claims on two separate grounds.  First, Defendant contends that Plaintiff's claims are moot and that this Court therefore lacks subject matter jurisdiction.  Second, Defendant contends that Plaintiff has failed to state a claim upon which relief may be granted.  In response to Plaintiff's motion for leave to amend her complaint, Defendant argues that granting Plaintiff leave to amend her complaint would be futile because the amended complaint does not cure these deficiencies.

A motion to amend is deemed futile if the proposed amendment "could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).  "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  The Court will consider only the complaint, which must include "only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The Court will first determine whether granting leave for Plaintiff to amend the complaint would be futile in light of Defendant's argument that Plaintiff's claims are moot and that this Court therefore lacks subject matter jurisdiction.  On October 25, 2011, Defendant made an offer of judgment pursuant to Federal Rule of Civil Procedure 68.  Pursuant to Rule 68(a), Plaintiff had 14 days in which to accept the offer.  Fed. R. Civ. P. 68(a).  Plaintiff's counsel contacted Defendant's counsel and requested an extension to respond to the offer of judgment through November 22, 2011.  The extension was agreed to, but Plaintiff rejected the offer.

5

Defendant contends that, because it made an offer of judgment in an amount sufficient to satisfy Plaintiff's alleged damages, Plaintiff's claims are moot and this Court lacks subject matter jurisdiction.

The Sixth Circuit, in *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 574 (6th Cir. 2009), explained that "[a] Rule 68 offer can be used to show that the court lacks subject-matter jurisdiction." If the offer of judgment satisfied a plaintiff's entire demand, the case is moot. *Id*. In the case of a putative class action, where the named plaintiff's claim becomes moot before the class is certified, dismissal of the action is required. *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993) (not involving a Rule 68 offer of judgment). However, "the operation of Rule 68 in the class action context has been criticized for its tendency to force plaintiffs to move for class certification on an inadequate record." *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1244 (10th Cir. 2011). There is currently a circuit split on the issue of whether a Rule 68 offer of judgment tendered before a plaintiff moves for class certification renders the plaintiff's claims moot and requires dismissal.

The Seventh Circuit has held that an offer of judgment tendered to the plaintiff within a month of the plaintiff filing a class action complaint and before a class certification motion was filed rendered the case moot and required dismissal. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011). In the view of the Seventh Circuit, "[t]o allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Id*. at 896.

However, other courts have found that "a settlement offer will not moot the named plaintiffs' claims so long as the plaintiffs have not been dilatory in bringing their certification

6

motion." *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008). The Ninth, Tenth, Fifth, and Third Circuits follow this view and hold that a plaintiff who has not been dilatory may move for class certification and avoid mootness even after being offered complete relief. *See Pitts v. Terrible Herbst, Inc.,* 653 F.3d 1081, 1091–92 (9th Cir.2011); *Lucero,* 639 F.3d at 1249–50; *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 920–21 (5th Cir.2008); *Weiss v. Regal Collections,* 385 F.3d 337, 348 (3d Cir.2004). The Tenth Circuit explained that "a named plaintiff in a proposed class action need not accept an offer of judgment or risk having his or her case dismissed as moot before the court has had a reasonable time to consider the class certification motion. Instead . . . a nascent interest attaches to the proposed class upon the filing of a class complaint such that a rejected offer of judgment for statutory damages and costs made to a named plaintiff does not render the case moot under Article III." *Lucero,* 639 F.3d at 1249.

The Sixth Circuit has not yet addressed whether a Rule 68 offer of judgment made before a motion for certification is filed renders a plaintiff's claims moot. However, this court, in a putative class action alleging violations of the FDCPA and the KCPA, applied the Sixth Circuit's *Brunet* decision to find that a Rule 68 offer of judgment made to the named plaintiff before a motion for certification was filed satisfied the plaintiff's claims and required the case to be dismissed as moot. *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 851 (W.D. Ky. July 20, 2007). At least one other district court in the Sixth Circuit rejected such a conclusion and opted to follow the line of reasoning set forth by the Ninth, Tenth, Fifth, and Third Circuits. *Hrivnak v. NCO Portfolio Mgmt., Inc.,* 1:10-CV-646, 2010 WL 5392709 (N.D. Ohio Dec. 22, 2010) (distinguishing *Brunet* and finding that a plaintiff in a putative class action is part of an indivisible class for purposes of jurisdiction and therefore a Rule 68 offer of judgment made prior to moving for class certification did not moot the plaintiff's claims).

In *Hrivnak*, the district court for the Northern District of Ohio found that a Rule 68 offer of judgment made prior to the filing of a class certification motion did not render the plaintiff's claims moot.  2010 WL 5392709.  The district court distinguished *Brunet* and reasoned that, if that were the case, "defendants could opt out of class actions; potential class members would be forced to file individual suits, which would waste judicial resources; parties in a putative class action would race to either file a premature motion for class certification or make a Rule 68 offer; and the interest of putative class representatives would be adverse to potential class members." *Id.* at *3.  Upon a motion for reconsideration, the district court "remain[ed] persuaded by those courts that treat the plaintiff in a putative class action as part of an indivisible class for purposes of jurisdiction and standing, so long as the plaintiff does not delay in moving for class certification." *Id*. at  *7.  However, the district court certified the order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and the Sixth Circuit heard oral arguments in *Hrivnak* on June 8, 2012.

Defendant has suggested that this Court to stay this action pending the Sixth Circuit's decision in *Hrivnak*.  Plaintiff opposes staying this case pending the outcome of *Hrivnak*, arguing that there is sufficient case law criticizing a defendant's use of a Rule 68 offer of judgment in order to make a ruling in her favor.  The district courts within the Sixth Circuit are split on this precise issue and the Court finds the reasoning on both sides of the issue to be persuasive.  If the Sixth Circuit were to side with the Seventh Circuit and find that a Rule 68 offer of judgment made prior to a motion for class certification moots the plaintiff's claims, then the Court would be without jurisdiction to determine whether Defendant is entitled to dismissal on the alternative basis that Plaintiff failed to state a claim upon which relief may be granted.  Thus, in the interest of judicial efficiency, the Court is inclined to withhold decisions on Plaintiff's motion for leave

to amend her complaint and on Defendant's motion to dismiss pending the outcome of *Hrivnak*. Accordingly, the Court declines to determine at this time whether granting Plaintiff leave to amend her complaint would be futile.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for leave to file the amended complaint (DN 16) is DENIED with leave to re-file. Defendant's motion to dismiss (DN 12) and Defendant's motion for a hearing on the motion to dismiss (DN 13) are DENIED with leave to re-file. This case is STAYED pending the Sixth Circuit's decision in *Hrivnak v. NCO Portfolio Mgmt., Inc.* The parties shall notify the Court when the opinion in that case is issued. Upon notification of the issuance of the *Hrivnak* opinion, the stay in this case will be lifted and Plaintiff shall be permitted to re-file its motion for leave to amend the complaint and Defendant shall be permitted to re-file its motion to dismiss.